**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BRIAN WRIGHT, On Behalf of Himself and All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 3:15-cv-3449** |
| **REVOLUTION INDUSTRIAL SERVICES, LLC and MICHAEL JONES, individually** | § § § § | |
| **Defendants.** | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Brian Wright, on behalf of himself and all others similarly situated ("Plaintiff" and "Class Members" herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and show as follows:

### I.     NATURE OF SUIT

1.     The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of its employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (discussing the FLSA's minimum wage and maximum hour protections generally); *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2.      Defendants violated the FLSA by failing to pay Plaintiff for all hours of work at the rates required by the FLSA.  Instead, Defendants paid Plaintiff and Class Members their regular hourly rate of pay for overtime hours.  Plaintiff brings this action as a collective action pursuant to 2U.S.C. § 216(b).

## II.      PARTIES

3.      Plaintiff Brian Wright is an individual who has been employed by Defendants within the meaning of the FLSA.  He hereby consents to be a party in this action and his consent form is attached as "Exhibit A."

4.      The Plaintiff and "Class Members" are Defendants' current and former hourly-paid workers.

5.      Defendant Revolution Industrial Services, LLC ("RIS") is a corporation that does business in Texas.  RIS can be served with process through its registered agent, Michael Jones wherever he may be found.

6.      Defendant Michael Jones is an individual who may be served with process wherever he may be found.

## III.      JURISDICTION AND VENUE

7.      This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

8.      Venue is proper in the Northern District of Texas because one or more parties reside in this District and events that form the basis of this suit occurred in this District.

## IV.      COVERAGE

9.      At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

10.     At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.     At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12.     At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13.     At all times hereinafter mentioned, Plaintiff and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V.     FACTUAL ALLEGATIONS

14.     Defendants specialize in providing a range of refining and petro chemical support services to various oilfield installations throughout the state of Texas and do more than $500,000.00 in business each year.

15.     Plaintiff Brian Wright was employed by Defendants during the three years prior to the filing of this lawsuit as an hourly-paid non-exempt worker who primarily did manual labor tasks in and around Defendants' job-sites.

16.     Plaintiff and the Class Members are Defendants' other hourly-paid, non-exempt workers.

17.     Plaintiff and the Class Members were not lawfully compensated for all hours worked in excess of 40 in a workweek at the rates required by the FLSA.  More particularly, even though

Plaintiff regularly worked in excess of 50 hours in a workweek, Defendants would typically only Plaintiff his regular rate of pay for his excessive hours.  Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for all of their excessive hours.

18.     Defendant Michael Jones is an RIS Director. He was/is responsible for running the day-to-day activities of the company.  He makes decisions about how the company should operate, market itself, acquire work, hire or fire and pay its employees and vendors, and treat its employees.  He was responsible for designing and/or approving and implementing the pay plans for Plaintiff and the Class Members that violate the FLSA.

19.     Defendants have employed and are employing other individuals as who perform(ed) the same or similar job duties under the same pay provision as Plaintiff.

20.     Because Defendants occasionally paid overtime to Plaintiff, they were aware of their obligation to pay overtime to Plaintiff and the Class Members and failed to do so.  Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay all overtime compensation with respect to Plaintiff and the Class Members.

## VI.    COLLECTIVE ACTION ALLEGATIONS

21.     Plaintiff and the Class Members performed the same or similar job duties as one another in that they were hourly-paid, non-exempt workers.  Further, Plaintiff and the Class Members were subjected to the same pay provisions and not compensated at time-and-one-half for all hours worked in excess of 40 hours in a work week.  Thus, the Class Members are owed unpaid overtime for the same reasons as Plaintiff.

22.      Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of not paying for time at the rate specified by the FLSA.  This policy or practice is/was applicable to Plaintiff and the Class

Members.  Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

23.     Defendants were aware of its obligation to pay overtime to Plaintiff and the Class Members and failed to do so.  Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

## VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

24.     During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.  Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

25.     WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

        a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees; and

d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


__/s/ *J. Derek Braziel*_____
**J. DEREK BRAZIEL**
*Attorney in Charge*
State Bar No. 00793380
**J. FORESTER**
State Bar No. 24087532
Lee & Braziel, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas  75202
(214) 749-1400 phone
(214) 749-1010 fax
www.overtimelayer.com

**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF'S ORIGINAL COMPLAINT**                                          **Page - 6**